agents who had not properly announced their purpose in demanding admission. According to Miller v. United States,[41] to justify the breaking it must appear either that the agents did in fact announce their purpose or that facts known to them before the breaking would "justify them in being virtually certain that [the occupants] already [knew] their purpose so that an announcement would [have been] a useless gesture."[42]

In the circumstances of this case, we do not hesitate to hold that *Miller's* requirements have been met; the officers were fully justified in being "virtually certain" that the occupants of the apartment were aware of an impending arrest. The officers knew that the suspects had detected their surveillance only a short time beforehand, and they knew that a violation of the narcotics laws was being perpetrated inside. Agent Hudson knocked on the door, announced "Police" in English and Spanish and directed the occupants to "open the door." Agent Robinson announced through the window "you are under arrest."[43] Although no attempt was made to open the door, both agents heard hurried movement inside. The sound of breaking glass was heard just as Agent Hudson opened the door. We conclude that it would be grossly unrealistic to say that, at this point, the occupants of the apartment did not suspect discovery and fear arrest when "police" came to their door.[44] A more elaborate announcement of purpose by the agents in this case would indeed have been a "useless gesture"; and the agents were

justified in being "virtually certain" of this fact.[45]

In conclusion, we hold that the defendants' motion to suppress should have been denied. The judgment of the district court is reversed and the case is remanded to the district court for proceedings not inconsistent with this opinion.[46]

Reversed and remanded.

Claude D. BALLEW et al., Petitioners-Appellants,

v.

James A. ROBINSON et al., Respondents-Appellees.

No. 71-1030.

United States Court of Appeals, Fifth Circuit.

May 27, 1971.

Certiorari Denied Nov. 9, 1971.
See 92 S.Ct. 280.

---

41. 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).

42. Id. at 310, 78 S.Ct. at 1196.

43. Although we doubt that his statement is itself determinative of whether § 3109 was complied with, see notes 2 and 3 supra, it is an important consideration in determining whether *Miller's* standard of "virtual certainty" has been complied with.

44. Additional evidence plainly shows that the occupants of the apartment were in

fact aware of the officers' purpose. The record clearly shows that all three of them attempted to avoid arrest by hiding or escaping.

45. Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).

46. Because of our conclusion that no unreasonable search occurred we need not consider whether all defendants had standing to raise the 4th amendment issue.

John Coleman, Mobile, Ala., Robert Eugene Smith, Towson, Md., D. Freeman Hutton, Atlanta, Ga., for petitioners-appellants.

William H. Brigham, T. Raymond Williams, Mobile, Ala., for respondents-appellees.

Before GEWIN, BELL and MORGAN, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**CENTEX–WINSTON CORPORATION,**
Plaintiff-Appellant,

v.

**EDWARD HINES LUMBER CO.,**
Defendant-Appellee.

No. 18926.

United States Court of Appeals, Seventh Circuit.

Aug. 25, 1971.

Rehearing Denied Sept. 13, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).